IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| STACEY MARC BARRUS, § | |
| § | |
| Plaintiff, § | C.A. No. 5:23-cv-00776 |
| v. § | |
| § | |
| META PLATFORMS, INC. d/b/a, § | |
| FACEBOOK, d/b/a INSTAGRAM, and § | |
| JOHN DOE, aka "a Hacker," § | |
| § | |
| Defendants. § | |

**DEFENDANTS' NOTICE OF REMOVAL**

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1332 and 1441, Defendants Meta Platforms, Inc. ("Meta") and Instagram, LLC ("Instagram")[1] (collectively "Defendants") hereby remove this action from the 37th Judicial District Court of Bexar County, Texas, where it was pending as *Stacey Marc Barrus v. Meta Platforms, Inc. d/b/a Facebook, d/b/a Instagram, and John Doe, aka "a Hacker,"* Cause No. 2023CI09133, to the United States District Court for the Western District of Texas, San Antonio Division.

I.  **Nature of the Suit**

Mr. Stacey Marc Barrus ("Plaintiff") alleges that his Facebook and Instagram business accounts were hacked by an unknown "John Doe," and that he could no longer gain access to or use either account. Among other things, Plaintiff asserts claims of conversion and theft against John Doe, argues for vicarious liability to

---

[1] Plaintiff filed this lawsuit without designating a particular Instagram entity. Instagram, LLC is the only relevant Instagram entity that exists and could be named as a defendant.

Defendants, and seeks declaratory relief, among other remedies. Since the suit was filed, Defendants have successfully worked with Plaintiff and restored his accounts.

## II.   Timeliness of Removal

Plaintiff commenced this lawsuit by filing his Original Petition on May 5, 2023, in the 37th Judicial District Court of Bexar County, Texas. Plaintiff did not serve Defendants with the Original Petition. Plaintiff thereafter filed his Amended Petition on May 15, 2023 and served it upon Defendants on May 19, 2023. *See* Exhibits A and B. This Notice of Removal is filed within thirty (30) days of May 19, 2023[2] and is therefore timely under 28 U.S.C. § 1446(b).

## III.   Basis for Removal Jurisdiction

Removal is proper under 28 U.S.C. §§ 1332 and 1441(a) because there is complete diversity between Plaintiff and Defendants. Plaintiff is a resident of Bexar County, Texas. *See* Exhibit A, Am. Pet. at ¶ 3.01. Defendant Meta is a Delaware corporation with its principal place of business in California.[3] *See id.* at ¶ 3.02. Defendant Instagram's only member is Meta, so it has the same citizenship as Meta. *See e.g.*, *Soaring Wind Energy, L.L.C. v. Catic USA Inc.*, 946 F.3d 742, 750 (5th Cir. 2020).

The citizenship of Defendant "John Doe" is ignored for purposes of diversity jurisdiction. *See e.g.*, *Vaillancourt v. PNC Bank, Nat'l Ass'n*, 771 F.3d 843, 848 n.38

---

[2] Thirty days after May 19, 2023, is June 18, 2023. However, this is a Sunday, and the following day, June 19, 2023, is a federal holiday. Under Federal Rule of Civil Procedure 6(a)(1)(B), the removal deadline therefore lands on the following day, June 20, 2023.

[3] "[A] corporation shall be deemed a citizen of any state in which it is incorporated, and of the state in which it has its principal place of business." *Chick Kam Choo v. Exxon Corp.*, 764 F.2d 1148, 1151 (5th Cir. 1985).

(5th Cir. 2014) ("John Doe" is a fictious name that is not be considered when determining diversity jurisdiction); *Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470, 475 (5th Cir. 2001) (citing 28 U.S.C. § 1441(b)(2) in the John Doe context and stating that "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."); *Carrillo Rivera v. ManpowerGroup US, Inc.*, No. EP-19-CV-00299-DCG, 2020 WL 5913832, at *1 (W.D. Tex. Oct. 6, 2020) ("Because the identity of John Doe was still allegedly unknown at the time, his citizenship was disregarded for purposes of the removal."); *Shoffeitt v. Wal-Mart Stores Tex., LLC, Store No. 0595*, No. 1:19-CV-156, 2019 WL 7584313, at *1 (S.D. Tex. Dec. 30, 2019) ("When determining whether diversity jurisdiction exists, a court may not consider the citizenship of a party with a fictious name such as John Doe.").

The amount in controversy exceeds $75,000, exclusive of interests and costs, because in his pleadings Plaintiff seeks "monetary relief of more than $250,000, but not more than $1,000,000, and non-monetary relief." Exhibit A, Orig. Pet & Am. Pet. at ¶ 2.01. *See* 28 U.S.C. § 1446(C)(2) (the sum demanded in good faith in the initial pleading is the amount in controversy for jurisdictional purposes); 28 U.S.C. § 1332(a) (identifying amounts in controversy, exclusive of interest and costs, over $75,000 as the federal diversity jurisdictional threshold).

## IV.   This Notice Is Procedurally Correct

Defendant attaches to this notice as Exhibits A and B true and correct copies of the documents required by 28 U.S.C. § 1446(a):

  A. Plaintiffs' Original and Amended Petitions; and
  B. Return of Service for Plaintiff's Amended Petition.

This action may be removed to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1332 on the basis of diversity jurisdiction, as described above. It is removable to this Court because this United States District Court embraces the place where the state court action is pending. *See* 28 U.S.C. § 1441(a). In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to all parties and to the Clerk of the 37th Judicial District Court of Bexar County, Texas. The required filing fee for this removal has been paid.

## V. Jury Demand

Plaintiff demanded a jury trial in the state court action. *See* Exhibit A, at ¶¶ 9.01 & 10.01.

## VI. Non-Waiver of Defenses

By removing this action to federal court, Defendants do not waive any defenses nor do they admit any of the allegations in Plaintiff's Original or Amended Petitions.

WHEREFORE, Defendants respectfully remove the above-captioned action from the 37th District Court, Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division.

Respectfully submitted,

*/s/ Christina E. Ponig*
Christina E. Ponig
State Bar No. 24041706
Fed. ID #600217
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
609 Main, 40th Floor
Houston, TX 77002
Telephone: 713.658.6415
Facsimile: 713.658.6401
cmaccio@orrick.com

ATTORNEY FOR DEFENDANT META PLATFORMS, INC. A/K/A FACEBOOK, INC. AND INSTAGRAM, LLC

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 20, 2023, a copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and also served on the following by email:

Mr. Stacey Barrus
**BARRUS LAW GROUP, PLLC**
13526 George Road, Suite 107
San Antonio, TX 78230
Phone: (210) 910-4357
s.barrus@barruslaw.com

*/s/ Christina E. Ponig*
Christina E. Ponig